**Berta Lilia PERLAS, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–3016.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 15, 2009.

Filed: July 24, 2009.

Ephraim T. Mella, Esq., Philadelphia, PA, for Petitioner.

Sharon M. Clay, Esq., Richard M. Evans, Esq., Allen W. Hausman, Esq., Virginia M. Lum, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Berta Lilia Perlas petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the following reasons, we will deny her petition.

Perlas is forty-one years old and is a citizen of Honduras. Perlas was admitted to the United States as a parolee in October 1999. On December 16, 2002, her temporary protected status was withdrawn, and, in August 2006, she was placed in removal proceedings. Perlas sought relief in the form of cancellation of removal, which allows the Attorney General to cancel the removal of a deportable alien if the alien can establish that her removal "would result in exceptional and extremely unusual hardship" to certain members of her family. 8 U.S.C. § 1229b(b)(1)(D).

Following a hearing, the Immigration Judge ("IJ") denied Perlas's application on the ground that she failed to make the requisite showing under § 1229b(b)(1)(D). By order entered February 20, 2008, the BIA affirmed the IJ's decision denying relief. Perlas subsequently sought reconsideration, but, by order entered June 9, 2008, the BIA denied her request on the ground that she failed to meet the regulatory requirements for such a motion.[1] *See*

---

1. Although Perlas captioned her motion be-    fore the BIA as a "motion to reopen/remand,"

8 C.F.R. § 1003.2(b). On July 8, 2008, Perlas filed this petition for review.

■ In her petition for review and brief in support thereof, Perlas challenges the BIA's February 20, 2008 order affirming the IJ's decision denying her application for cancellation of removal. Specifically, Perlas argues that the IJ erred in finding that she failed to demonstrate that her return to Honduras would result in "exceptional and extremely unusual hardship" to her family. This Court does not have jurisdiction to review the BIA's February 20, 2008 order because Perlas did not file her petition for review within 30 days of that order.[2] *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review must be filed not later than thirty days after the date of the final order of removal). The petition for review was, however, timely with respect to the BIA's June 9, 2008 order declining to reconsider its previous dismissal of the appeal. Therefore, this Court has jurisdiction to review the BIA's June 9, 2008 order.

■ That said, Perlas's counseled brief does not contain any argument whatsoever pertaining to the BIA's June 9, 2008 order. Rather, as noted above, Perlas's brief focuses solely on the BIA's underlying order. Therefore, any challenge to the June 9, 2008 order—the only order we have jurisdiction to review—has been waived. *See Chen v. Ashcroft,* 381 F.3d 221, 235 (3d Cir.2004). Moreover, we have carefully reviewed the record and conclude that, even if Perlas had challenged the BIA's decision denying her motion for reconsideration, the BIA acted well within its discretion in denying the motion, as it failed

to raise any new legal arguments or allege any changes in the law. *See* 8 C.F.R. § 1003.2(b)(1).

Accordingly, we will deny the petition for review.

---

the BIA determined that it should be construed as a motion to reconsider. Perlas does not argue in her petition for review that the BIA erred in so treating it.

2. Perlas's motion for reconsideration did not toll the time for filing a petition for review of the BIA's February 20, 2008 decision. *Stone v. Immigration & Naturalization Serv.,* 514 U.S. 386, 398–99, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).